IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: * | Chapter 13 |
| JOHN W. BELL, * | Case No.: 1-07-bk-01336MDF |
|     Debtor * | |
| * | |
| JOHN W. BELL f/d/b/a * | |
| JOHN'S SERVICE CENTER, * | |
|     Movant * | |
| * | |
| v. * | |
| * | |
| BAYVIEW LOAN SERVICING, LLC., * | |
|     Objectant * | |

## OPINION

Before me is the objection of Bayview Loan Servicing, LLC ("Bayview") to the motion of John W. Bell ("Debtor") to sell a commercial property (the "Property") that secures a note held by Bayview. The facts that give rise to the objection are straightforward.

Debtor executed the note at issue on September 1, 2006 in the principal amount of $315,000.00. The note contained the following relevant language under the heading "Default Interest":

> Borrower agrees that upon the occurrence (and Lender's declaration) of an Event of Default, Lender shall be entitled to receive and Borrower shall pay interest on the entire unpaid principal sum at a per annum rate equal to the lesser of (i) ten percent (10%) plus the Applicable Interest Rate, or (ii) the maximum interest rate which Borrower may by law pay (the Default Rate"), and shall be due and payable ON DEMAND." (Emphasis in the original).

Debtor defaulted on the note by failing to make a payment due in January 2007. On April 30, 2007, he filed the instant bankruptcy case.[1] In the period between the date of default and the

---

[1] The business operated by Debtor on the Property, John's Service Center, Inc., filed a chapter 7 petition on February 10, 2007.

1

filing of the bankruptcy, Bayview failed to notify Debtor that the loan had been declared in default.

On May 3, 2007, Debtor filed a motion to sell the Property free and clear of liens (including Bayview's lien) for the purchase price of $400,000.00. In the motion, Debtor estimated that the payoff amount to Bayview from the sale proceeds would be $330,151.00. Bayview objects to the sale and asserts that the correct payoff amount is $411,044.93. This figure is based on the penalties that could be imposed under the above-quoted default interest clause. If Bayview is entitled to claim default interest, the proposed sale will not provide funds sufficient to satisfy its secured claim. Debtor asserts that because Bayview failed to declare a default, the default interest clause was never triggered and, therefore, Bayview's payoff amount is excessive. The parties have briefed this issue and it is ready for decision.[2]

## Discussion

To the extent that the issue before me is one of contract interpretation, it is controlled by state law. *See In re Prudential of Florida Leasing, Inc.*, 478 F.3d 1291 (11th Cir. 2007). The state law issue in this case is whether Bayview is entitled to default interest under the note. The note provides for default interest but only if the declaration of default occurs as a condition precedent. "A condition precedent is an act which must occur before performance by the other party is due." *Hope Furnace Associates, Inc. v. F.D.I.C.*, 71 F.3d 39, 43 (1st Cir. 1995). In the instant case, the declaration of a default is a condition precedent to Bayview's right to collect any sum payable under the default interest clause. Bayview's brief makes a wholly unsupported

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052 and 9014.

assertion that it "has declared an Event of Default as defined under the Note." Bayview's brief does not provide a date on which it declared the event of default, and the record is barren of evidence that such a declaration was ever communicated to Debtor prior to the filing of his petition. Accordingly, I conclude that prior to the filing of Debtor's petition, Bayview failed to satisfy the condition precedent required before the default interest clause could be invoked.

The filing of Debtor's petition invoked the automatic stay of 11 U.S.C. § 362. The stay does not preclude Bayview from giving Debtor notice of default, but it does bar any attempt by Bayview from collecting default interest from estate property. So long as there is no attempt to obtain possession of estate property, a notice of a pre-petition default may be given by a creditor to a debtor post-petition, but "the giving of a notice that there was a default and describing it is only valid for what it is – notice." *Am-Haul Carting, Inc. v. Contractors Cas. and Sur. Co.,* 33 F.Supp. 2d 235, 242 (S.D. N.Y. 1998) *citing In re Sixteen to One Mining Corp.*, 9 B.R. 636 (Bankr. D. Nev. 1981). In *Sixteen to One*, the court held that a landlord's post-petition notice of default on a lease may have been effective "to put a lessee on notice of where and when the lessee is failing in performance," but it would not have been effective to terminate the lease. *Id.* 9 B.R. at 638. Similarly, under the instant note, even if I were to treat Bayview's objection to the sale as a declaration of default, this declaration is ineffective to trigger the default interest clause.

In its brief, Bayview's lone argument is that the note is a written contract containing clear and unambiguous language providing for Bayview's right to receive and Debtor's obligation to pay default interest. Bayview's argument is accurate as far as it goes, but it blithely ignores the

3

Case 1:07-bk-01336-MDF    Doc 40    Filed 07/27/07    Entered 07/27/07 14:49:26    Desc
Main Document      Page 3 of 4

fact that it failed to satisfy the condition precedent, also clearly and unambiguously contained in the note, requiring it to declare a default before it would be entitled to such interest.

For these reasons, the objection to Debtor's motion to sell will be overruled, and the sale motion will be granted. An appropriate order will be entered.

By the Court,

Mary D. France
Bankruptcy Judge

Date: July 27, 2007

*This document is electronically signed and filed on the same date.*